UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PLAINTIFF<br><br>  TABRESHA RITTER,<br><br> -v-<br><br>DEFENDANTS<br><br>  JAMAR LAMONT WILLIAMS<br>  VISTAR TRANSPORTATION LLC, | Case No.:  2:24-cv-06326-DCN<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Tabresha Ritter, by and through her undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Tabresha Ritter ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Charleston County, South Carolina.

2. Defendant Jamar Lamont Williams ("Defendant Williams") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Williams is a citizen and resident of North Carolina.

3. Upon information and belief, Defendant VISTAR TRANSPORTATION LLC, ("Defendant Vistar") is a Virginia corporation with its principal place of business in Virginia.

4. At all times relevant to this action, Defendant Williams was an agent, servant, and/or employee of Defendant Vistar, individually or jointly.

5. At all times relevant to this Complaint, Defendant Vistar's agents, servants, and/or employees were acting in the course and scope of their employment with Defendants.

6. The Charleston Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Charleston County, as further shown below.

7. This Court has personal jurisdiction over the Defendants because Defendant Vistar was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Williams, and this cause of action relates to and arises out of Defendant Vistar's contacts with South Carolina, as further shown below.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendant Williams is a citizen and resident of North Carolina and Defendant Vistar is incorporated in Virginia and its primary place of business is in Virginia, and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## BACKGROUND

9. On or about September 24, 2024, Defendant Williams was driving a 2024 Freightliner Cascadia tractor trailer owned by Defendant Vistar on SC 17 in the City of Mount Pleasant in Charleston County, South Carolina.

10. Plaintiff and Defendant Williams were stopped in the left turn lane waiting for the light to change when Defendant Williams suddenly began moving and smashed his tractor trailer into the rear end of Plaintiff's car.

11. The Crash caused by Defendant Williams is the proximate cause of Plaintiff's serious personal injuries and damages. Therefore, Plaintiff sues on the following grounds:

## COUNT I
(Negligence *per se* as to Defendant Williams)

12. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

13. Defendant Williams owed Plaintiff statutory duties to operate his vehicle in a reasonable and safe manner so as to not cause injury to Plaintiff. .

14. Defendant Williams breached his duty to Plaintiff by failing to exercise due care to avoid crashing into the rear of the vehicle in which Plaintiff was an occupant.

15. Defendant Williams' violation of his statutory duties constitutes negligence *per se*.

16. Defendant Williams' breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

17. Defendant Williams' violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

18. Because Plaintiff was injured as a direct result of Defendant Williams's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

19. Defendant Williams' statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Williams for his reckless conduct, to discourage

such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Williams violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT II
(Negligence as to Defendant Williams)

20. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

21. Defendant Williams owed Plaintiff a common-law duty to do the following:

   a. Keep a proper lookout;
   b. Maintain appropriate attention on the road while driving;
   c. Maintain his vehicle in a roadworthy manner;
   d. Yield the right of way to Plaintiff;
   e. Apply his brakes so as to timely stop his vehicle;
   f. Operate his vehicle in a safe manner and at a safe speed; and
   g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

22. Defendant Williams breached his duty to Plaintiff in the following ways:

   a. Failing to keep a proper lookout;
   b. Driving while distracted;
   c. Failing to slow when traffic ahead of him was slowing and stopping;
   d. Failing to apply his brakes and stop in a timely manner;
   e. Crashing into Plaintiff instead of steering around or away from her;
   f. Failing to yield the right of way to Plaintiff;
   g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
   h. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

23. Defendant Williams' breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

24. Defendant Williams' negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's outstanding medical bills. As a direct result of Defendant Williams' negligence, gross negligence,

carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a. Significant past and future medical expenses,
    b. Lost income and reduced earning capacity,
    c. Personal property damage,
    d. Emotional distress and anxiety,
    e. Mental anguish,
    f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g. Other damages as will be shown in the discovery and trial of this case.

25. Because Plaintiff was injured as a direct result of Defendant Williams' acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

26. Defendant Williams' acts and omissions demonstrate such want of care as to show Defendant Williams was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Vistar and Defendant Williams should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Williams for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Williams violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT III
(Vicarious Liability as to Defendant Vistar)

31. Plaintiff adopts, incorporates and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Williams was acting in the scope of his employment on behalf of Defendant Vistar.

33. Defendant Vistar, thus acting through its agent, servant, and employee Defendant Williams, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Williams as set forth in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Vistar to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## **COUNT IV**

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Vistar)

35. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36. Defendant Vistar was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Williams to operate a vehicle on Defendant Vistar' behalf in one or more of the following ways:

   a. Failing to review Defendant Williams' driving history;
   b. Failing to assess Defendant Williams' driving skill;
   c. Hiring Defendant Williams to drive on Defendant Vistar's behalf despite Defendant Williams' history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Williams, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Williams had proper training and experience to operate a vehicle for Defendant Vistar in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant Williams' skill and history with a vehicle, train Defendant Williams in proper driving procedures, supervise Defendant Williams' driving, release Defendant Williams from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37. Based on Defendant Williams' unsafe driving history, Defendant Vistar knew or should have known that hiring, training, supervising, or retaining Defendant Williams posed a risk of foreseeable harm to third parties.

38. Plaintiff asks this Court to enter judgment ordering Defendant Vistar to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN, P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

November 5, 2024
Charleston, South Carolina