UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

NOTICE OF SCHEDULING ORDER

TO: MEMBERS OF THE BAR

AT THE DIRECTION OF THE COURT IT IS ORDERED that the following schedule is established for all the listed civil cases. If you have any questions concerning this Order, please call Heather Cornwell at (843) 579-1408.

CASES FOR SCHEDULING ORDER

| | |
|---|---|
| C/A 2:24-6326-DCN | Ritter v Williams et al |
| C/A 2:24-6361-DCN | Connor v My Doctors Live LLC et al |
| C/A 2:24-7211-DCN | Boudolf v Belk Inc |
| C/A 2:24-7217-DCN | DRB Group South Carolina LLC v Greenhawk Development LLC et al |
| C/A 2:24-7267-DCN | Cote v Kaburu et al |
| C/A 2:24-7373-DCN | Jenkins v TK Elevator Corporation et al |
| C/A 2:24-7461-DCN | Setner v Publix Super Markets Inc |
| C/A 9:24-5144-DCN | In the Matter of the Complaint of Lowcountry Watersports LLC |
| C/A 9:24-6486-DCN | Campbell et al v Oldfield Community Association et alo |

AND IT IS SO ORDERED.

January 7, 2025          DAVID C. NORTON
Charleston, South Carolina    UNITED STATES DISTRICT JUDGE


**PURSUANT TO LOCAL RULE 83.I.06, THIS NOTICE IS BEING SENT TO LOCAL COUNSEL ONLY**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



**CONFERENCE AND AND RULE 26(F)**

**SCHEDULING ORDER REPORT FORM**

JUDGE DAVID C. NORTON

# NOTICE TO COUNSEL

Attached please find a proposed scheduling order for your review and comment.  The 2000 Amendments to the Federal Rules of Civil Procedure, and subsequent amendments to the local rules for this district, now require that, early in the litigation, counsel meet, confer, and submit certain information to the court.  Some of the requested information is needed to formulate a scheduling order.  The judges of this district have determined that the most feasible way of accomplishing this is for the court to enter a tentative scheduling order with a request that the parties meet and determine whether the dates proposed by the court are acceptable.

The deadline for meeting and conferring in this case is set out in Paragraph 1 of the attached scheduling order.  A form (RULE 26(F) REPORT) is attached and must be completed and returned indicating your acceptance of, or suggested changes to, the scheduling order.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Jordan v. E.I. du Pont de Nemours & Co.*, 867 F. Supp. 1238,  1250 (D.S.C. 1994).  "The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management."  *Serrano-Perey v. F.M.C. Corp*., 985 F.2d 625, 628 (1st Cir. 1993).

The Local Civil Rules for the District of South Carolina, as well as the forms referenced in this order, are available on this district's website at:

## www.scd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Plaintiff(s), | ) | CA: _____ |
| | ) | |
| v. | ) | |
| | ) | **RULE 26(f) REPORT** |
| | ) | |
| Defendant(s). | ) | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed **January 7, 2025** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed **January 7, 2025** requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f), with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

**PLAINTIFF(S)**                                                   **DEFENDANT(S)**

_____           _____
*Signature of Plaintiff's Counsel*                             *Signature of Defendant's Counsel*


_____           _____
*Printed Name of Plaintiff's Counsel*                         *Printed Name of Defendant's Counsel*
*and Party Represented*                                              *and Party Represented*


*Dated:*                                                                       *Dated:*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

# CONFERENCE AND SCHEDULING ORDER
## of
## HONORABLE DAVID C. NORTON

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. This order is entered to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants. Discovery may begin upon receipt of this order.

1. Rule 26(f) Conference: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **February 10, 2025.**[1]

2. Rule 26(a)(1) Initial Disclosures: No later than **March 10, 2025,** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.

3. Rule 26(f) Report: No later than **March 10, 2025**, the parties shall file a Fed. R. Civ. P. 26(f) Report in the form attached to this order.[2]

4. Amendment of Pleadings: Motions to join other parties and amend the pleadings shall be filed no later than **March 28, 2025.**

5. Expert Witnesses: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial by the following dates:[3]

     Plaintiff:     **May 16, 2025**
     Defendant:  **June 17, 2025**

6. Discovery: Discovery shall be completed no later than **October 8, 2025.** All discovery requests shall be served in time for the responses thereto to be served by this deadline. All depositions must be taken before this deadline.

7. Motions in Limine: Motions in limine must be filed **at least three weeks prior to jury selection**.

8. Dispositive Motions: All dispositive motions and all Daubert motions shall be filed on or before **November 10, 2025.**[4]

9. Mediation: Pursuant to Local Civil Rule 16.04-.12, mediation shall be completed in this case on or before **November 30, 2025**.[5] Thirty (30) days prior to this, counsel for each party shall file and serve an ADR Statement and Certification under Local Civil Rule 16.03.

      10.    <u>Trial</u>:  This case will go to trial during the term of court beginning **December 1, 2025.**

The parties' attention is directed to the attached SPECIAL INSTRUCTIONS FOR CASES BEFORE JUDGE DAVID C. NORTON.

January 7, 2025
Charleston, South Carolina


Attachments:

      Special Instructions of Judge David C. Norton
      Rule 26(f) Report

# SPECIAL NOTICE TO COUNSEL
## WITH CASES BEFORE
## JUDGE DAVID C. NORTON,
### UNITED STATES DISTRICT JUDGE

> *Please carefully review the following instructions which relate to problems which frequently arise regarding scheduling orders and related litigation management issues.*

## COURTESY COPIES

Unless specifically requested (see Judge Norton's Preferences listed on our website), you should **not** send a "courtesy copy" of any filed document to Judge Norton's chambers. The court is automatically notified when the original document is filed.

## CORRESPONDENCE BETWEEN COUNSEL

Attorneys frequently copy the court on correspondence between counsel. This is seldom appropriate. Unless correspondence is directly related to a pending motion, there is no reason to copy the court. If it relates to a *pending* motion and is relevant to issues before the court, the correspondence should be filed as an exhibit. If it merely relates to an anticipated motion (usually a discovery dispute), it would be more appropriate simply to hold such correspondence and to attach it as an exhibit if a motion becomes necessary.

## EXTENSION OF DEADLINES

The deadlines in scheduling orders issued by this court are established after review of the parties' Fed. R. Civ. P. 26(f) reports and interrogatory responses with careful consideration to the nature of the case and the times requested for discovery. For this reason, extensions should *seldom* be necessary. If, however, it becomes necessary to seek an extension, you may submit a motion addressing the following:

- Date of the current deadline;
- Whether the deadline has been extended before;
- The number of additional days requested, and proposed new deadline;
- Whether the extension would affect other deadlines; and
- If opposing counsel agrees to or opposes the extension.

**Do not** wait until the last day before the deadline to request an extension. **Do not** call chambers to determine if the extension has been granted. You may, however, call the docket clerk in the Clerk's Office. Absent extraordinary circumstances, requests should be made sufficiently in advance to allow you to receive a response before the deadline passes. *See* Local Civil Rule 6.01 and 6.02.

## AMENDMENT OF PLEADINGS

This is the earliest deadline for a very important reason: to allow discovery to address all issues and all potential parties. Late requests to amend are, therefore, strongly discouraged. This is especially true if

the amendment would add a party.   Any request to amend after the scheduling order deadline should include an explanation of why the amendment could not have been sought earlier.  Parties who delay seeking to amend until late in the litigation, especially as to known potential parties, risk denial of their motions.

### FILING OF CONFIDENTIAL MATERIAL

The parties' attention is specifically directed to Local Civil Rule 5.03 regarding the filing of confidential material.

### WEB SITE

The District of South Carolina maintains a web site with various forms and resources at:

**www.scd.uscourts.gov**

---

1. Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.  At conference, the parties shall confer concerning all matters set forth in Rule 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.  *See* attached form – RULE 26(f) REPORT.

2. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.  *See also* Local Civil Rule 26.02 (rules for answering court interrogatories).

3. *See* Fed. R. Civ. P. 26(a)(2) and (a)(2)(B).  Note that while Fed. R. Civ. P. 26(a)(2) does not require filing any portion of the written report or disclosure, Judge Norton requires filing of a document which identifies the expert and certifies compliance with this rule.

4. The court routinely schedules hearings on substantive motions. The court will not consider arguments raised at hearings that were not included in the parties' briefs nor will the court consider any new arguments raised in a reply brief.

5. Standing Order to Conduct Mediation of Judge Norton, which sets forth additional mediation requirements applicable to this case available at www.scd.uscourts.gov.