## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Tabresha Ritter, | ) | CASE NO.2:24-cv-06326-DCN |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED SCHEDULING ORDER** |
| | ) | |
| Jamar Lamont Williams and Vistar Transportation, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. This order is entered to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants. Discovery may begin upon receipt of this order.

1. <u>Rule 26(f) Conference</u>: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than November 12, 2024.[1]

2. <u>Rule 26(a)(1) Initial Disclosures</u>: No later than April 7, 2025, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[2]

3. <u>Rule 26(f) Report</u>: No later than April 7, 2025, the parties shall file a Fed. R. Civ. P. 26(f) Report in the form attached to this order.[3]

4. <u>Amendment of Pleadings</u>: Motions to join other parties and amend the pleadings shall be filed no later than April 25, 2025.

5. <u>Expert Witnesses</u>: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to the parties by the following dates:
   Plaintiff:     **September 15, 2025**
   Defendant:  **October 15, 2025**

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances. At conference, the parties shall confer concerning all matters set forth in Rule 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary. See attached form – RULE 26(f) REPORT. The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge (form available on website).

[2] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

[3] Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report. See also Local Civil Rule 26.02 (rules for answering court interrogatories).

6. <u>Discovery</u>: Discovery shall be completed no later than **January 16, 2026**. All discovery requests shall be served in time for the responses thereto to be served by this deadline. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

7. <u>Motions in Limine</u>: Motions in limine must be filed at least three weeks prior to jury selection.

8. <u>Dispositive Motions and Daubert Motions</u>: All dispositive motions and Daubert motions shall be filed on or before **February 6, 2026**.[4]

9. <u>Mediation</u>: Pursuant to Local Civil Rule 16.04-.12, mediation shall be completed in this case on or before **December 1, 2025**. Thirty (30) days prior to this, counsel for each party shall file and serve an ADR Statement and Certification under Local Rule 16.03.[5]

10. <u>Trial</u>: This case is subject to being called for jury selection and/or trial on or after **March 23, 2026**.

AND IT IS SO ORDERED.

_____
The Honorable David C. Norton
United States District Judge

July 23, 2025
Charleston, South Carolina

---

[4] The court routinely schedules hearings on substantive motions. The court will not consider arguments raised at hearings that were not included in the parties' brief nor will the court consider any new arguments raised in a reply brief.

[5] Standing Order to Conduct Mediation of Judge Norton, which sets forth additional mediation requirements applicable to this case available at www.scd.uscourts.gov.