**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Tabresha Ritter,<br><br>         Plaintiff,<br><br>vs.<br><br>Jamar Lamont Williams and Vistar Transportation, LLC,<br><br>         Defendants. | Case No.: 2:24-cv-06326-DCN<br><br>**JOINT MOTION TO ALTER TIME** |

   The Parties respectfully request that the August 8, 2025, deadline for closure of discovery be extended, pursuant to Rule 16(b)(4).

**FACTUAL BACKGROUND**

   Plaintiff filed this action on August 27, 2024, in the Court of Common Pleas for Jasper County. On October 21, 2024, Defendants removed the case to the Beaufort Division of the District of South Carolina. Subsequently, the Parties agreed to an Amended Scheduling Order at the 26(f) Conference, which was entered by the Court on January 14, 2025. Since the entry of the Amended Scheduling Order, the Parties have engaged in written discovery, completed the Plaintiff's deposition, completed the Defendant Driver's deposition, and deposed the first 30(b)(6) designee for Defendant Vistar Transportation, LLC. Additionally, the Parties have worked together to schedule mediation for December 2, 2025

**LEGAL STANDARD**

   A scheduling order may be modified "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" standard for modification "focuses on the diligence of the

party seeking leave to modify the scheduling order." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.1997).

## ARGUMENT

Since the entry of the Amended Scheduling Order, the Parties have engaged in written discovery, completed the Plaintiff's deposition, completed the Defendant Driver's deposition, and deposed the first 30(b)(6) designee for Defendant Vistar Transportation, LLC. Additionally, the Parties have worked together to schedule mediation for December 2, 2025. Despite the Parties' diligence, due to scheduling conflicts amongst the Parties' counsel and the various witnesses, the Parties require additional time to complete discovery. Additional time will also serve to allow the Parties to mediate the case prior to taking on the expense of expert discovery, serving the interests of justice in the "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Thus, the parties request an amended scheduling order, with deadlines falling on weekends moved to the following Monday.

## LOCAL CIVIL RULE 6.01 STATEMENT

Pursuant to Local Civ. Rule 6.01, the following information is provided:

1. The current deadline for the closure of discovery is January 16, 2026.

2. The deadline has been extended in the Amended Scheduling Order, Dkt. 13.

3. The parties request sixty additional days, with the new deadline on March 15, 2026.

4. The extension will affect the remaining deadlines. The parties propose the deadlines be shifted to preserve the current spacing, as laid out in the proposed amended scheduling order emailed to chambers.

[*Signatures on Following Page*]

**I SO MOVE/CONSENT:**

**MORGAN & MORGAN, P.A.**

<u>s/ Cooper Klaasmeyer</u>
James G. Biggart, II, Fed. ID No. 14195
Cooper Klaasmeyer, Fed. ID No. 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Cooper.klaasmeyer@forthepeople.com
(843) 973-5438
**ATTORNEYS FOR PLAINTIFF**

**WE SO CONSENT:**

<u>s/T. David Rheney</u>
T. David Rheney, Federal ID No. 5030
E. Hood Dawson, Federal ID No. 13025
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200 (29601)
Post Office Box 10589
Greenville, South Carolina 29603
864-271-9580
drheney@gwblawfirm.com
hdawson@gwblawfirm.com
*Attorneys for Jamar Lamont Williams and Vistar Transportation, LLC*